UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

EVELYN PIRES LOPES,            )
                               )
        Plaintiff,             )
                               )
v.                             )
                               )
LATAM AIRLINES GROUP S.A. INC. and )
PROFESSIONAL AIRLINE SERVICES, INC. )
a/k/a Professional Aviation Management, Inc. )
d/b/a The Professional Group,  )
                               )
        Defendants.            )
                               )

## COMPLAINT

Plaintiff EVELYN PIRES LOPES ("Plaintiff") sues defendants LATAM AIRLINES GROUP S.A. INC. and PROFESSIONAL AIRLINE SERVICES, INC. a/k/a Professional Aviation Management, Inc. d/b/a The Professional Group ("Defendants") and alleges as follows:

## NATURE OF ACTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), 42 U.S.C. §1981, and Florida common law.[1]

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a) (3) and (4) and 28 U.S.C. § 2617.

---

[1] Plaintiff filed a Charge of Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, Plaintiff will likely move to amend this complaint to include claims of discrimination and retaliation pursuant to the applicable laws.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, Defendants resides in this judicial district, and the employment records of Plaintiff are stored or have been administered in this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

5. At all times material, Defendants were and are Florida profit corporations, conducting business in Miami-Dade County, and within the jurisdiction of this Court.

6. At all times material, Defendants were and are an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

7. At all times material, Defendants were and are an integrated enterprise, an agent of each other, or joint employers.

8. At all times material, Defendants each had the power to fire and hire Plaintiff, controlled Plaintiff's work schedule and conditions of employment, and determined Plaintiff's rate and method of payment.

9. At all times material, Defendants employed at least fifty employees within seventy-five miles of Plaintiff's worksite.

10. At all times material, Defendants were and are private sector employers.

11. Defendants employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

12. Plaintiff worked for Defendants for more than 12 months.

2

13. Plaintiff worked for Defendants for more than 1,250 hours.

14. At all times material, Plaintiff was and is a resident of Miami-Dade County, Florida.

15. At all times material, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A). Plaintiff specifically incorporates the definition of "eligible employee."

16. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

17. Plaintiff is a Hispanic, Brazilian woman.

18. Plaintiff began working for Defendants in 2013.

19. Throughout her employment with Defendants, Plaintiff received several raises and promotions, ultimately working as an airline ticket lead agent.

20. Defendants have a policy that if an employee brings with her a Doctor's Note or a Medical Certificate, that employee is immediately and automatically suspended/terminated and subsequently replaced.

21. In or about late August of 2020, Plaintiff informed Defendants' Human Resources (HR) that she was 3-4 months pregnant.

22. Plaintiff refrained from providing any medical notes to Defendants, because she was aware of Defendants' policy of terminating employees if they brought in a Doctor's Note or Medical Certificate.

23. Plaintiff enjoyed working as an airline ticket lead agent and wanted to keep her job.

24. Once Defendants learned of Plaintiff's pregnancy, Defendants began, on a continuous basis, requesting a Doctor's Note or Medical Certificate from Plaintiff regarding her

3

pregnancy. Specifically, Plaintiff's supervisors, Jose (ULN) who is a male from Honduras, Alina (ULN) a female from Cuba, and Jelaila (ULN) a female from the Dominican Republic, began asking Plaintiff on a daily basis "where is your medical certificate, did you bring it?"

25. In or about September of 2020, in an attempt to persuade Plaintiff that the requested medical records could not be used against her, Jelaila assured Plaintiff that Plaintiff would not be reprimanded if she brought in a Medical Certificate because Plaintiff was pregnant.

26. Defendants discriminatory and harassing conduct toward Plaintiff progressed. On or about October 7, 2020, Defendants disciplined Plaintiff by issuing a write up to Plaintiff for the first time, allegedly because Plaintiff violated company policy.

27. In response to the write up, Plaintiff sent an email to HR Paula Montoya and Veronica Motrinec (both are not Brazilian), complaining about national origin discrimination. Specifically, Plaintiff inquired as to why Brazilian employees such as herself and Catarine Lisboa were being written up while non-Brazilian employees, who violated company policy, were not. Ms. Montoya and Ms. Motrinec then called Plaintiff into their office and verbally reprimanded her.

28. Plaintiff decided to comply with Defendants' request for Doctor's Note or Medical Certificate, hoping that the discriminatory and harassing conduct toward her would cease. On or about October 16, 2020, as requested by her supervisors, Plaintiff sent a medical note from her doctor to Ms. Montoya. The medical note contained no restrictions.

29. Immediately, Defendants discriminatory and harassing conduct toward Plaintiff worsened. As soon as Ms. Montoya received the medical note, she and Liz Leyva (non-Brazilian) had a meeting with Plaintiff in a private room and suspended Plaintiff without pay for

4

approximately one week. In support of the suspension, Ms. Montoya explained that it was necessary that Plaintiff stay home while the company "investigated" Plaintiff's doctor's note.

30. During her one-week suspension without pay, on or about October 20, 2020, Ms. Montoya contacted Plaintiff and told her that she spoke with Plaintiff's doctors, and that as a result, Plaintiff's doctors modified the previous note to add that Plaintiff had several restrictions, which Defendants allegedly could not accommodate. As such, Ms. Montoya concluded that Plaintiff should stay home (without pay) until after Plaintiff gave birth to her baby. Plaintiff was shocked to hear that her doctor's note was modified.

31. Plaintiff profusely objected to Ms. Montoya's handling of the terms of Plaintiff's employment and questioned the legality of having Defendants contact Plaintiff's doctor behind her back and without her permission to request HIPAA protected information.

32. Thereafter, Plaintiff contacted her doctors and requested that they immediately re-evaluate their records and confirm Plaintiff's medical condition. As a result, Plaintiff's doctors issued a new note, which did not provide any medical restrictions. Plaintiff forwarded a copy of the note to Defendants and was consequently offered to go back to work on or about November 11, 2020, but at an inexplicably reduced pay rate.

33. Although Plaintiff was allowed to return to work, Defendants discriminatory and harassing conduct toward Plaintiff continued. Upon Plaintiff's return to work, during daily briefings, Plaintiff was given a to-do list that included handling heavy baggage on a daily basis. This was suspect to Plaintiff because prior to her forced leave, Plaintiff was assigned the handling of baggage, but only occasionally.

34. Then, on November 13, 2020, Plaintiff received a "final warning," allegedly because a passenger complained about not being able to do a check-in.

5

35. During this time, Plaintiff heard that a co-worker, Yohandra Rodriguez (Cuban), had undergone surgery to her leg and as a result, she was only assigned to do "soft work" that did not involve handling heavy baggage at all. Plaintiff asked her supervisors if they requested a Medical Certificate or a doctor's note from Ms. Rodriguez and inquired as to why Plaintiff was not offered a similar job as Ms. Rodriguez. Plaintiff's supervisors replied that Plaintiff should "ask Paula Montoya."

36. Plaintiff asked Ms. Montoya about Ms. Rodriguez, and Ms. Montoya responded by informing Plaintiff that she did not know what Plaintiff was talking about and that she did not "know about any medical certificate or surgery."

37. Attempting to provide sufficient notice to her employer, Plaintiff requested vacation beginning in January of 2021, which Plaintiff was going to use to give birth and to provide care for her newborn child. Having a baby was very special for Plaintiff, as she previously lost a baby.

38. On December 1, 2020, Ms. Montoya called Plaintiff into her office along with Ms. Leyva and terminated Plaintiff's employment. Ms. Montoya alleged that Plaintiff was fired because a passenger complained about getting an economy seat when this passenger should have gotten a business class seat.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS – FAILURE TO PROVIDE FMLA INFORMATION

39. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

40. At all times material, Plaintiff was eligible for FMLA leave.

41. At all times material, Plaintiff gave proper notice to Defendants by informing them of her pregnancy, and need for leave to give birth and provide care for her newborn child.

6

42. Plaintiff provided enough information for Defendants to know that her potential leave may be covered by the FMLA.

43. Defendants were aware that Plaintiff was unable to work because she was going to give birth and then provide care for her newborn child.

44. Despite their knowledge of Plaintiff's pregnancy and need for leave, Defendants failed to notify Plaintiff of her eligibility status and rights under the FMLA, and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave. Furthermore, Defendants had a company policy that if an employee brought in a Doctor's Note or a Medical Certificate, that employee would be immediately and automatically suspended/terminated and subsequently replaced.

45. Instead of informing Plaintiff of her rights under the FMLA, Defendants instilled an improper employment practice and subsequently terminated Plaintiff.

46. Defendants interfered with Plaintiff's rights under the FMLA when Defendants failed to notify Plaintiff of her eligibility status and rights under the FMLA, failed to notify Plaintiff whether her leave was or could be designated as FMLA leave, and instilled a policy of suspending/terminating employees who brought in a Doctor's Note or Medical Certificate.

47. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

7

      c.    Award Plaintiff liquidated damages;

      d.    Award Plaintiff prejudgment interest on her damages award;

      e.    Award Plaintiff reasonable costs and attorney's fees;

      f.    Award Plaintiff any further relief pursuant to the FMLA; and

      g.    Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS – TERMINATION

48. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

49. Plaintiff was eligible for FMLA leave during the relevant time period.

50. At all times material, Plaintiff gave proper notice to Defendants by informing it of her pregnancy, and need for leave to give birth and provide care for her newborn child.

51. Plaintiff provided enough information for Defendants to know that her potential leave may be covered by the FMLA.

52. Despite its knowledge of Plaintiff's pregnancy, and need for leave to give birth and provide care for her newborn child, Defendants terminated Plaintiff nearly one month before Plaintiff was going to take leave.

53. By terminating Plaintiff, Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

54. Defendants terminated Plaintiff because she requested, or took, FMLA leave as described above.

55. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

8

    a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;

    b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff prejudgment interest on her damages award;

    e. Award Plaintiff reasonable costs and attorney's fees;

    f. Award Plaintiff any further relief pursuant to the FMLA; and

    g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT III: VIOLATION OF THE FMLA – RETALIATION

56. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

57. Defendants terminated Plaintiff shortly after Plaintiff notified Defendants about her pregnancy and request for leave.

58. Defendants terminated plaintiff because she requested leave to give birth and to provide care for her newborn child.

59. Defendants intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff when she requested to take leave to give birth and to provide care for her child.

60. Plaintiff's request for leave was a direct and proximate cause of her termination.

61. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

9

    a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;

    b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff prejudgment interest on her damages award;

    e. Award Plaintiff reasonable costs and attorney's fees;

    f. Award Plaintiff any further relief pursuant to the FMLA; and

    g. Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT IV: VIOLATION OF 42 U.S.C. § 1981

62. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

63. Plaintiff is a member of a protected class of Hispanic, Brazilian citizens.

64. At all times relevant, Plaintiff was in a contractual relationship with Defendants within the meaning of 42 U.S.C.A. § 1981, as amended.

65. When Defendants terminated Plaintiff, Defendants violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by non-Brazilian citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

66. Defendants' treatment, practices, and policies directed toward Plaintiff denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-Brazilian citizens, in violation of 42 U.S.C.A. § 1981, as amended.

10

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800　　　Telephone: 305.503.5131
Aventura, Florida 33180　　　Facsimile: 888.270.5549

67. Defendants' treatment, practices, and policies directed toward Plaintiff denied Plaintiff the right to make and enforce contracts as enjoyed by non-Brazilian citizens, in violation of 42 U.S.C.A. § 1981, as amended.

68. Through its actions and treatment of Plaintiff, Defendants intended to discriminate against Plaintiff on the basis of Plaintiff's race.

69. During the course of Plaintiff's employment with Defendants, Plaintiff was subjected to a discriminatory work environment because of her race.

70. Defendants, at all times, had knowledge that terminating Plaintiff because of her race was in violation of the law.

71. As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

72. Plaintiff has suffered damages of an on-going and continuous nature.

73. Plaintiff's race was a motivating factor in the decision to terminate Plaintiff.

74. Defendants' discriminatory actions toward Plaintiff were willful or the Defendants acted with reckless disregard for whether its actions were prohibited.

**WHEREFORE**, Plaintiff requests that this honorable court:

a. Enter judgment in Plaintiff favor and against the Defendants for its violations of 42 U.S.C.A. § 1981, as amended;

b. Award Plaintiff actual damages suffered;

c. Award Plaintiff punitive and compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

d. Award Plaintiff prejudgment interest on her damages award;

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800      Telephone: 305.503.5131
Aventura, Florida 33180              Facsimile: 888.270.5549

  e. Enjoin Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

  f. Award Plaintiff reasonable costs and attorney's fees; and

  g. Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT V: FRAUD IN THE INDUCEMENT

75. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

76. Attempting to persuade Plaintiff that the requested medical records could not be used against her, on one occasion Jelaila assured Plaintiff that Plaintiff would not be reprimanded if she brought in a Medical Certificate because Plaintiff was pregnant.

77. The false statement concerning a material fact was made in or about September of 2020.

78. Jelaila made a false statement concerning a material fact.

79. At the time of making the false statement, Jelaila knew that the representation concerning a material fact was false.

80. At the time of making the false statement, Jelaila intended that the false statement concerning a material fact would induce Plaintiff to act upon it.

81. Plaintiff relied on Jelaila's false statement concerning a material fact

82. As a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and has thereby, become obligated to pay the undersigned a reasonable attorney's fee and Plaintiff asks the Court to enter judgment for damages, pre-and post-judgment interest, costs, and attorney's fees, and such other relief as the Court may deem appropriate.

### JURY TRIAL DEMAND

12

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

Plaintiff requests a trial by jury on all counts and on all issues so triable.

Dated: February 22, 2021.                              Respectfully submitted,

By: /s/Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

13

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                 Facsimile: 888.270.5549